# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| ROGER BRIDENDOLPH, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 17-CV-0102-CVE-FHM |
| BILL CULVER and KENNETH WRIGHT, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, a pro se prisoner who is incarcerated at the Ottawa County Jail in Miami, Oklahoma, filed a civil rights complaint (Dkt. # 1) and a motion to proceed in forma pauperis (Dkt. # 2) on February 27, 2017. He subsequently filed an amended complaint (Dkt. # 3) and an amended motion to proceed in forma pauperis (Dkt. # 4) on March 6, 2017. On April 13, 2017, the Court granted the amended motion to proceed in forma pauperis and directed plaintiff to pay an initial partial filing fee (Dkt. # 9) which was paid on April 28, 2017 (Dkt. # 12).

## I. Plaintiff's Allegations

The amended complaint names Bill Culver and Kenneth Wright as defendants. Plaintiff alleges defendant Culver is a judge in the 13th Judicial District of the State of Oklahoma, and Kenneth Wright is the District Attorney for Ottawa County, Oklahoma. Plaintiff asserts the defendants violated his constitutional rights when Judge Culver ordered plaintiff to be held by the sheriff's office until it was time for plaintiff's appearance in court.

Plaintiff claims that because of this incident, he now is afraid of the government, the judicial system, and the police, and he has "no hope for mankind for the generations to come" (Dkt. # 3 at 7). Plaintiff believes the defendants should be punished for their acts and requests relief in the form

of punitive damages and an audit of Judge Culver's records. Id. at 4, 8. For the reasons set forth below, both defendants must be dismissed for plaintiff's failure to state a claim upon which relief may be granted.

## II.     Screening/Dismissal Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. Nonetheless, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558. Twombly articulated the pleading standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). The court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

A pro se plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given to the pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**III.    Plaintiff's Failure to State a Claim Upon Which Relief May Be Granted**

    **A.    Defendant Judge Bill Culver**

Plaintiff alleges that on the day of his court hearing,[1] he went to Judge Culver's office to ask permission to be excused from the "cost collections" docket that was scheduled to begin in about an hour. Plaintiff told the judge's secretary that he had just been offered a "time sensitive" job in

---

[1] The complaint states this incident occurred on December 28, 2017, which is a date in the future (Dkt. # 3 at 2). Regardless of the date of the incident, plaintiff's claims against the defendants fail to state a claim upon which relief may be granted.

3

Tulsa, Oklahoma, that would last through the day and night. The secretary relayed the information to the judge, and when she returned, she told plaintiff that the request had been denied. Plaintiff then told the secretary he had no money to give the court, but if allowed to complete the Tulsa job, he could make a double payment the day after the job. The secretary relayed this additional information to the judge who again denied plaintiff's request.

Plaintiff left Judge Culver's office and went down the hall to the men's restroom. He was washing his hands when an officer from the sheriff's office appeared and told plaintiff that he was to be taken to the sheriff's office and held until court began. Plaintiff told the officer he had done nothing wrong, and he believed no one had the authority to deny his civil rights. Plaintiff then advised the officer he intended to turn on a video camera and film the situation, which plaintiff did.

At the sheriff's office, plaintiff was told to stop filming, that plaintiff would be held in the jail until the judge called for him, and plaintiff could not leave the sheriff's office and return to the courthouse by himself. The officer further advised plaintiff that he was not under arrest and he would be searched. All of plaintiff's personal items were taken from him, and he was placed behind a locked door until Judge Culver called about an hour later. Plaintiff asserts the violation of his due process rights began the moment Judge Culver ordered plaintiff's detention, and the events that transpired subjected him to cruel and unusual punishment and denied him the ability to attempt a resolution to resolve his financial obligations to the court.

"[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." Supreme Court of Virginia v. Consumers Union, 446 U.S. 719, 734-35 (1980) (citations omitted). See also Dennis v. Sparks, 449 U.S. 24, 27 (1980); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity

4

because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (quotation and footnote omitted). In determining whether a judge was acting in his judicial capacity, courts should look to the "nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Sparkman, 435 U.S. 349, 362 (1978). Here, the Court finds defendant Judge Culver acted in his judicial capacity, and he is entitled to absolute judicial immunity from damages liability.

The Court further finds plaintiff's request for an audit of Judge Culver's records is meritless. "[A]n individual has no constitutionally protected right to an investigation by government officials of alleged wrongdoing by other government officials. Hayes v. County of Sullivan, 853 F. Supp. 2d 400, 433 (S.D.N.Y. 2012) (citations omitted). For the reasons set forth above, plaintiff's claims against defendant Judge Bill Culver are **dismissed with prejudice** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

### B. Defendant District Attorney Kenneth Wright

Plaintiff also has sued Kenneth Wright, the Ottawa County District Attorney. Plaintiff alleges Wright failed to inform Judge Culver that the order issued by the judge to the sheriff's office was a violation of plaintiff's civil liberties and that the order violated the prohibition against cruel and unusual punishment.

Prosecutors possess prosecutorial immunity from § 1983 lawsuits for damages predicated on the performance of functions "in initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). See also Buckley v. Fitzsimmons, 509 U.S. 259, 272

(1993). While there are no allegations that defendant Wright even was aware of Judge Culver's order, this Court finds that a decision whether to consult with the judge regarding plaintiff's court proceedings would fall under Wright's prosecutorial functions, and Wright is entitled to absolute prosecutorial immunity. See Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006)). Because defendant Wright is immune from damages for alleged claims arising during his prosecutorial actions, any § 1983 claims against Wright that are related to Wright's involvement in the incident at issue are **dismissed with prejudice** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

### IV. "Prior Occasion" under 28 U.S.C. § 1915(g)

As noted above, plaintiff was granted leave to proceed in forma pauperis. Because he has failed to state a claim upon which relief may be granted, the dismissal of the complaint shall count as a "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's amended complaint (Dkt. # 3) and his claims against defendant Judge Bill Culver are **dismissed with prejudice** pursuant to 28 U.S.C. § 1915A(b).

6

2.  Plaintiff's amended complaint (Dkt. # 3) and his claims against defendant Kenneth Wright are **dismissed with prejudice** pursuant to 28 U.S.C. § 1915A(b).

3.  Plaintiff remains obligated to pay in monthly installments the balance of the **$350** filing fee for this case.

4.  The Clerk is directed to **flag** this dismissal as a "prior occasion" pursuant to 28 U.S.C. § 1915(g).

5.  This is a final Order terminating this action.

**DATED** this 13th day of June, 2017.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE